UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USA FLEA MARKET, LLC,
a Florida limited liability company

    Plaintiff

v.

EVMC REAL ESTATE
CONSULTANTS, INC., a California
corporation, and EMERALD TITLE
INSURANCE AGENCY, INC., a
Michigan corporation

    Defendants.
_____/

Case No. 8:06-cv-00431-SCB-TBM

## DEFENDANT EMERALD TITLE INSURANCE AGENCY, INC.'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, EMERALD TITLE INSURANCE AGENCY, INC. ("Emerald Title"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and M.D. Fla. L.R. 3.01, hereby moves this Honorable Court to dismiss Counts II and III of the Amended Complaint, and in support thereof states as follows:

1.  This action was commenced on March 15, 2006 when the Plaintiff, USA FLEA MARKET, LLC (hereinafter, the "Plaintiff"), filed the Complaint in the United States District Court, Middle District of Florida. Thereafter, on July 29, 2006, Plaintiff served the subject Amended Complaint.

2.  Plaintiff's Amended Complaint arises out of an alleged real estate transaction for the sale and purchase of real property located in Pasco County, Florida. (See Am. Compl. ¶ 7.)

3. Plaintiff's Amended Complaint alleges that the Plaintiff and Defendant EVMC REAL ESTATE CONSULTANTS, INC. (hereinafter, "EVMC"), entered into a real estate sales contract (hereinafter, the "sales contract") which obligated EVMC to tender a $500,000.00 "earnest money deposit" to Defendant Emerald Title. (See Am. Compl. ¶ 7.) The sales contract, attached to and incorporated in the Amended Complaint, provided in pertinent part as follows:

> 4.1 **Earnest Money Deposit** ("Deposit") paid by Buyer [EVMC] to Emerald Title/Escrow Company 20300 Superior Road, Taylor Michigan, 48180 (the "Escrow Agent"). The Escrow Agent shall designate an affiliated designated Title Company doing business in Florida that will issue the Title Commitment and Title Policy. The Deposit shall become non refundable upon expiration of the Buyer's Title Inspection Period absent Buyer's exercise of it [sic] right to terminate the Contract as provided for in Paragraph 6. Absent default the Deposit shall be payable to Seller at closing. **$500,000.00**

(See Am. Compl., at Ex. A.)

4. The sales contract was executed by Plaintiff and Defendant Emerald Title on August 11, 2005. (See Am. Compl., at Ex. A.)

5. Thereafter, the Plaintiff alleges that Defendant Emerald Title "acknowledged its receipt of the $500,000.00 escrow deposit" as reflected in the "acknowledgment form" dated August 26, 2005, attached to and incorporated in the sales contract. (See Am. Compl., at Ex. A.)

6. On November 14, 2005, Plaintiff alleges that Defendant EVMC did not appear for the closing and defaulted on the real estate sale. (See Am. Compl. ¶¶ 11-12.) As such, Plaintiff contends that Defendant Emerald Title was legally obligated to release the deposited funds to the Plaintiff in accordance with the terms of the sales contract. (See Am. Compl. ¶ 18.)

7. The Amended Complaint sets forth three counts. Count I attempts to allege that Defendant EVMC breached the terms of the sales contract and that Defendant Emerald Title is liable for the alleged deposit. (See Am. Compl. ¶¶ 17-19.) Count II asserts that Defendant Emerald Title breached its fiduciary duties to the Plaintiff as the alleged escrow agent in the sales transaction. (See Am. Compl. ¶¶ 20-24.) Finally, although Count III is unnamed and fails to clearly identify the cause of action, it appears that Plaintiff is attempting to claim fraudulent or negligent misrepresentation. (See Am. Compl. ¶¶ 25-30.)

8. With respect to Count II, Plaintiff's Amended Complaint admits that Defendant Emerald Title "fail[ed] to receive the required deposit in the manner contemplated in the agreement" and failed to acquire "control . . . of the funds to be deposited." (See Am. Compl. ¶23.) Thus, the allegations clearly set forth that the escrow funds were never deposited with Defendant Emerald Title as contemplated by the sales contract.

9. Since Emerald Title never took actual custody or control of the deposited funds, a valid escrow was never formed between the parties as contemplated by the sales contract. Moreover, in the absence of a true escrow, Defendant Emerald Title never became an escrow agent and therefore had no fiduciary obligation to the Plaintiff.

10. With respect to Count III, Plaintiff alleges receiving Emerald Title's acknowledgment of receipt of the deposited funds *after* the Plaintiff had already signed and entered into the sales contract with Defendant EVMC. (See Am. Compl. ¶ 7 and Ex. A.) Thus, Plaintiff could not have relied upon Emerald Title's alleged acknowledgment

because the Plaintiff had already entered into the sales contract (more than two weeks earlier).

11.  Hence, Counts II and III of the Amended Complaint fail to allege sufficient allegations of fact to state a viable claim upon which relief may be granted.

12.  Since there is no feasible way to amend Counts II and III to state a viable cause of action, dismissal with prejudice is proper.

13.  Therefore, Defendant Emerald Title respectfully requests the entry of an Order dismissing Counts II and III of the Plaintiffs Amended Complaint with prejudice.

14.  In further support hereof, Defendant Emerald Title relies upon the incorporated Memorandum of Law.

WHEREFORE, Defendant, EMERALD TITLE INSURANCE AGENCY, INC., respectfully requests that this Honorable Court enter an Order dismissing Counts II and III of the Plaintiff's Amended Complaint.

## MEMORANDUM OF LAW

### I.   STANDARD FOR DISMISSAL

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a cause of action if it appears beyond doubt the Plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the Court reviews the allegations set forth in the complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974). As will be demonstrated below, based upon the allegations in the Amended Complaint, Counts II and III fail to state causes of action upon which relief can be granted. As such, dismissal of those counts is appropriate.

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S ALLEGATIONS IN COUNT II DO NOT ESTABLISH AN ESCROW RELATIONSHIP THAT WOULD GIVE RISE TO A FIDUCIARY DUTY.

This Court should dismiss Count II of Plaintiff's Amended Complaint with prejudice as the Amended Complaint fails to establish that Defendant Emerald Title had any fiduciary obligation to the Plaintiff. In fact, the allegations of Count II prove that Defendant Emerald Title was not in a fiduciary relationship with the Plaintiff. More specifically, Plaintiff cannot allege a cause of action against Emerald Title for breach of fiduciary duty because Plaintiff has failed to allege or establish that a valid escrow was formed that would trigger such fiduciary obligations. Rather, the facts as alleged in the Amended Complaint clearly demonstrate that Defendant Emerald Title had no fiduciary relationship of any kind with the Plaintiff that would create a legal duty to the Plaintiff.

"To establish an escrow under Florida law, 'there must be an instrument embodying conditions mutually beneficial to both parties, agreed to by both parties, and it must be communicated to **and deposited with a third party**.'" Aberbach v. Wekiva Associates, Ltd., 735 F. Supp 1032, 1035 (S.D. Fla. 1990) (quoting Smith v. Macbeth, 161 So. 721, 724 (1935)) (emphasis added). Accordingly, under Florida law, one of the essential elements of a valid escrow arrangement is that the subject of the escrow be deposited with a third party who is to become the escrow agent. See Dickerson v. Central Fla. Radiation Oncology Group, 225 B.R. 241, 243 (Bankr. M.D. Fla. 1998). Although undersigned counsel was unable to locate any Florida cases that specifically address the exact situation before this Court, other jurisdictions have held that the failure to deposit an item of value with the proposed escrow holder is insufficient to create an escrow

arrangement and that "the fiduciary duty of the designated escrow agent does not come into existence." Muscara v. Lamberti, 519 N.Y.S.2d 265, 267 (N.Y. App. Div. 1987) (citations omitted); accord CCDC Holding, Ltd. v. Smith, No 86-4365-0, 1988 WL 384417, at *11 (D. Kan. Oct. 5, 1988) (holding that "absent delivery of the item of value to the escrow holder, no escrow is created and therefore there are no duties owed by the escrow holder to the parties.").

In Muscara, the plaintiff brought an action against his former wife and a proposed escrow agent to enforce an escrow agreement. The plaintiff ("Muscara") had entered into an arrangement with his former wife ("Lamberti") wherein Muscara consented to the adoption of his son by Lamberti's husband upon condition that the Lamberti repay to the plaintiff a sum of $20,000. Id. at 363. It was further agreed that the $20,000 was to be paid by Lamberti into an escrow account. Id. Thereafter, the adoption of Muscara's son was finalized, however, the funds were never deposited in the trust account. Id. As such, Muscara filed suit against his ex-wife and the proposed escrow agent to recover the funds. Id.

Muscara's complaint asserted, in part, that the escrow agent breached its fiduciary duty to the plaintiff. As the appellate court opined, "upon delivery of the subject escrow to the escrow agent, he becomes the fiduciary to both parties and owes them the highest kind of loyalty." Id. at 363. However, the appellate court also noted that "an essential element of an escrow is the delivery of the subject of the escrow to the designated escrow agent." Id. Since the escrow funds had never been delivered, the appellate court concluded that the escrow agent never became a fiduciary to Muscara. According to the court, any fiduciary duty owed to Muscara "would only have arisen if and when [the

proposed escrow agent] received the $20,000 . . . in accordance with the agreement." Id at 364.

As alleged in the Plaintiff's Amended Complaint, Defendant Emerald Title never received the earnest money deposit as contemplated by the sales agreement and never had control over the funds. (See Am. Compl. at 23.) As such, Defendant Emerald Title never took possession, custody or control of the $500,000.00 as required by the sales contract. Without receipt of the escrow funds, Florida law is clear that the parties failed to form a valid and enforceable escrow agreement. See Dickerson, 225 B.R. at 243 ("Under Florida law, an escrow is established by 'an instrument embodying conditions mutually beneficial to both parties, agreed to by both parties and it must be communicated to and deposited with a third party.'"). Therefore, Defendant Emerald Title never became an escrow agent and owed no fiduciary duties to the Plaintiff.

Based on the foregoing, Count II of the Amended Complaint fails to state a viable cause of action against Defendant Emerald Title for breach of fiduciary duty. The inability to state a valid claim against Defendant Emerald Title warrants dismissal of Count II of the Amended Complaint with prejudice. Dismissal with prejudice is appropriate where the Complaint fails to state a claim upon which relief can be granted, and it appears there is no possible way to amend the Complaint to state a viable cause of action. See Undereducated Foster Children of Florida v. Florida Senate, 700 So. 2d 66 (Fla. 1st DCA 1997). For instance, a suit for breach of contract prohibited by law is subject to dismissal with prejudice. See Hoffman v. Boyd, 698 So. 2d 346 (Fla. 4th DCA 1997). To permit an amendment to the complaint would be futile since it is impossible to state a cause of action for breach of contract which the law will not enforce. Id. at 348.

Similarly, in the present action, the law does not recognize an escrow agreement without the delivery of something of value to the designated escrow agent. See Dickerson, 225 B.R. at 243. Therefore, it would be impossible for the Plaintiff to amend the Amended Complaint to state a viable cause of action against Defendant Emerald Title, and dismissal with prejudice is proper.

### B. PLAINTIFF'S ALLEGATIONS IN COUNT III DO NOT ESTABLISH JUSTIFIABLE DETRIMENTAL RELIANCE.

This Court should dismiss Count III of Plaintiff's Amended Complaint as the Amended Complaint fails to establish that Plaintiff detrimentally relied on any alleged statements or representations made by Defendant Emerald Title. More specifically, Plaintiff cannot allege a cause of action against Emerald Title for negligent and/or intentional misrepresentation because Plaintiff has failed to allege inducement or detrimental reliance. Rather, the facts as alleged demonstrate that Plaintiff's acceptance of the sales contract and subsequent removal of the property from the real estate market were in no way induced by Emerald Title.

Under Florida law, a plaintiff must sufficiently allege the following elements to establish a claim for negligent misrepresentation: (1) misrepresentation of material fact; (2) the party making the misrepresentation must know of the misrepresentation, must make the representation without knowledge as to its truth or falsity, or must make the representation in circumstances in which he ought to have known of its falsity; (3) the party intended that this representation would induce another to rely and act thereon; and (4) that the plaintiff suffered injury in justifiable reliance on the misrepresentation. See Rodriguez v. J.C. Penny Life Ins. Co., No. 8:02-CV-695, 2006 WL 208775 at *3 (M.D. Fla. Jan. 25, 2006) (citing Atlantic Nat'l Bank of Fla. v. Vest, 480 So. 2d 1328, 1331 (Fla.

2d DCA 1985). To the extent Plaintiff is attempting to allege intentional misrepresentation, there must be an allegation that the party making the misrepresentation was aware that the facts were false and/or misleading. See Romo v. Amedex Ins. Co., 930 So. 2d 643 (Fla. 3d DCA 2006).

In Count III Plaintiff alleges, in contradiction to its other allegations, that Defendant Emerald Title made representations inducing Plaintiff to take the property off the market and incurring expenses to proceed to closing. The Amended Complaint, however, disproves this alleged cause of action. In particular, Plaintiff claims that Emerald Title allegedly acknowledged receipt of the $500,000.00 deposit, citing to Exhibit A of the Amended Complaint. (See Am. Compl. ¶ 9).[1] However, the acknowledgment form, attached as part of Exhibit A to the Amended Complaint, was signed by a representative of Defendant Emerald Title on August 26, 2005. (See Am. Compl., at Ex. A.) The Plaintiff entered into the sales contract with Defendant EVMC on August 11, 2005. (See Am. Compl., at Ex. A.) Therefore, by the time the Plaintiff received Emerald Title's acknowledgment form, the Plaintiff had already signed and entered into the sales contract with Defendant EVMC. (See generally Am. Compl., at Ex. A.) Common sense dictates that one cannot claim reliance on a statement made after an action was already taken.

Based on the foregoing, a claim of fraudulent or negligent misrepresentation cannot succeed absent allegations that the Plaintiff acted in reliance on Emerald Title's purported misrepresentations. As set forth above, the only written document regarding the

---

[1] "Under Rule 10(c) Federal Rules of Civil Procedure, . . . attachments [to the complaint] are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. US Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985).

TA.136853.1

matter conclusively shows that it was presented after the contract was signed, and therefore could not have been relied upon by Plaintiff in entering into the contract. Further, the Amended Complaint fails to allege any statements or representations made by Defendant Emerald Title **before** the execution of the sales contract that would have justifiably induced the Plaintiff to enter the contract. (See Am. Compl. ¶¶ 25-30.) Thus, the Plaintiff's Amended Complaint fails to allege any facts that would have induced Plaintiff to take the property off the market as alleged. Indeed, the Plaintiff was obligated to remove the property from the market after the sales contract was executed and finalized. (See generally Am. Compl., at Ex. A.) Therefore, Plaintiff's assertion that it relied upon Emerald Title's acknowledgment form to proceed with taking the property off the market is unfounded. Accordingly, Plaintiff's Amended Complaint fails to allege—and affirmatively disproves—both reliance or inducement in support of Count III.

Based on the foregoing, Count III of the Amended Complaint fails to state a viable cause of action against Defendant Emerald Title for negligent misrepresentation and/or fraudulent misrepresentation. As such, Plaintiff's inability to state a valid claim against Defendant Emerald Title warrants dismissal of Count III of the Amended Complaint.

### III. CONCLUSION

Based on the foregoing, Defendant Emerald Title respectfully requests this Honorable Court dismiss with prejudice Count II and dismiss Count III of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. The facts, as alleged in the Amended Complaint, demonstrate that Defendant Emerald Title never became an escrow agent and never owed a fiduciary duty to the Plaintiff. Further,

the facts, as alleged in the Amended Complaint, demonstrate that Plaintiff did not justifiably rely on the alleged misrepresentations of Defendant Emerald Title when it executed the sales contract and removed the property from the market. Further, as no feasible way exists to amend Count II of the Amended Complaint to state a viable cause of action, dismissal with prejudice is proper.

Respectfully submitted this 8th day of August , 2006.

Respectfully submitted,

/s/ Kevin M. O'Brien
MATTHEW L. LITSKY
Fla. Bar No. 0992194
KEVIN M. O'BRIEN
Florida Bar No. 0496111
GEORGE H. FEATHERSTONE
Florida Bar No. 0624306
**PHELPS DUNBAR LLP**
100 South Ashley Drive
Suite 1900
Tampa, FL 33602-5311
(813) 472-7550
(813) 472-7570 (FAX)
Attorneys for Defendant Emerald Title
Insurance Agency, Inc.

TA.136853.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants: **Lee L. Haas, Esq.**, Haas & Castillo, P.A.

I FURTHER CERTIFY that a copy of the foregoing has been sent via U.S. Mail to the following registered agent and counsel of a party who is not a CM/ECF participant:

| EVMC Real Estate Consultants, Inc.<br>**c/o Anthony B. Chopra, President**<br>9049 Washington Blvd.<br>Pico Rivera, CA 90660 | **Carlos D. Cabrera, Esq.**<br>Conroy, Simberg, et. al<br>3440 Hollywood Boulevard, Second Floor<br>Hollywood, FL 33021 |
|---|---|

/s/ Kevin M. O'Brien
Attorney

TA.136853.1