UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USA FLEA MARKET, LLC,
a Florida limited liability company

      Plaintiff,

v.                                     Case No.  8:06-cv-00431-SCB-TBM

EVMC REAL ESTATE
CONSULTANTS, INC., a California
corporation, and EMERALD TITLE
INSURANCE AGENCY, INC., a
Michigan corporation,

      Defendants.

_____/

## ORDER

      This cause comes before the Court on Defendant Emerald Title Insurance Agency, Inc.'s

("Emerald Title") Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 27.)  Plaintiff USA

Flea Market, LLC, opposes this motion (Doc. No. 28), and Emerald Title has filed a reply to

Plaintiff's opposition (Doc. No. 31).

**I.**      **Background**

      This case arises from an alleged real estate transaction for the sale and purchase of real

property located in Pasco County, Florida. (Pl.'s Am. Compl. ¶ 7.)  Plaintiff alleges the

following in its Amended Complaint: On August 11, 2005, Plaintiff, seller of the real property at

issue, entered into a real estate contract that obligated Defendant EVMC Real Estate

Consultants, Inc. ("EVMC"), the buyer, to tender a $500,000 earnest money deposit to

Defendant Emerald Title.  (*Id.* at 8; Ex.A.)  Emerald Title acknowledged its receipt of the $500,000 escrow deposit, as reflected by the "Receipt by Escrow Agent" signed on August 26, 2005.  (*Id.* at ¶ 9, Ex.A.)  On November 14, 2005, Defendant EVMC did not appear for the scheduled closing.  (*Id.* at ¶¶ 11-12; Ex.C.)  On that date, Plaintiff sent EVMC a notice of default and sent a copy of the notice to Emerald Title.  (*Id.* at ¶¶ 11-12; Ex.C.)  After EVMC failed to timely cure the default, on November 29, 2005, Plaintiff served both EVMC and Emerald Title with a demand for payment of the escrow deposit.  (*Id.* at ¶ 13; Ex.D.)  EVMC did not tender the deposit or notify Emerald Title to disburse the escrow deposit to Plaintiff, nor did Emerald Title release the deposit to Plaintiff, as was required by the contract.  (*Id.* at ¶ 18.)

　　　Plaintiff filed suit.  In Count I of the Amended Complaint, Plaintiff alleges that EVMC breached the terms of the sales contract by failing to tender the escrow deposit or to notify Emerald Title to disburse the escrow deposit.  Plaintiff further alleges that Emerald Title is liable for failing to release the deposit to Plaintiff.  (*Id.* at ¶¶ 17-19.)  In Count II, Plaintiff alleges that Emerald Title breached its fiduciary duty to Plaintiff as the escrow agent "by failing to receive the required deposit in the manner contemplated in the agreement and by failing to advise Plaintiff that it did not hold or control the funds to be deposited."  (*Id.* at ¶¶ 20-24.)  In Count III, Plaintiff alleges that Emerald Title "falsely represented to Plaintiff's agent that the $500,000.00 deposit had been received in Defendant Emerald Title's bank account;" that Emerald Title "knew or should have known that the statement by its agent was false;" and that Plaintiff suffered damages when it relied on the misrepresentation.  (*Id.* at ¶¶ 25-30.)

## II.     Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 47, 78 S. Ct. at 103.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## III.     Discussion

Emerald Title filed the instant motion to dismiss, arguing that Count II and Count III should be dismissed with prejudice pursuant to Rule 12(b)(6) because the Plaintiff failed to state a claim upon which relief can be granted.

### A.     Count II: Breach of Fiduciary Duty

Emerald Title argues that Plaintiff's claim of breach of fiduciary duty should be dismissed because Plaintiff did not allege facts that establish a valid escrow relationship, or that would give rise to its fiduciary duty.  In particular, Emerald Title notes that Plaintiff states in its Amended Complaint that Emerald Title "fail[ed] to receive the required deposit."  Citing cases

3

from other jurisdictions, Emerald Title asserts that an escrow agent's fiduciary duty to the parties does not arise unless and until an item of value is deposited with the escrow agent, thereby creating an escrow relationship.  According to Emerald Title, because it never received the escrow deposit, a valid escrow relationship was never formed between the parties, and it therefore had no fiduciary obligation to Plaintiff.

In response, Plaintiff asserts that there exists an exception to the rules regarding the formation of a valid escrow relationship.  Plaintiff argues that if the escrow agent represents that it has received an escrow deposit–even if no escrow deposit was actually made–a valid escrow has been formed, giving rise to a fiduciary duty to the principal parties.  Therefore, Plaintiff argues, Emerald Title's fiduciary duty arose when it represented that it had received the $500,000 deposit, despite the fact that no deposit was actually made.

"[W]hen principal parties agree upon an escrow agent, . . . the escrow agent establishes a new legal relationship to the principal parties . . . . [T]he escrow agent [is] an agent of, and ow[es] a fiduciary duty to, all of the principal parties."  *United Am. Bank of Fla. v. Seligman*, 599 So.2d 1014, 1016 (Fla. 5th DCA 1992).  The law implies "that the [escrow agent] has undertaken a legal obligation (1) to know the provisions and conditions of the principal agreement . . . and (2), to exercise reasonable skill and ordinary diligence in holding and delivering possession of the escrowed property . . . ."  *Id.*  Furthermore, for purposes of an escrow, "deposits are actually made where there is a representation that such deposit has in fact been made."  *PABC Fla. Assocs. v. Lexington Dev. Corp. of Fla., Inc.*, 560 So.2d 1377, 1379 (Fla. 5th DCA 1990) (ruling that the party was entitled to rely upon the escrow's agent representation that the escrow deposit had been made) (citing *Alvis v. Inv. I, Inc.*, 504 So.2d 508

4

(Fla. 2d DCA 1987); *Makris v. Williams*, 426 So.2d 1186 (Fla. 4th DCA 1983)).

Viewing the Amended Complaint in the light most favorable to Plaintiff, this Court finds that Plaintiff has sufficiently alleged facts to support its claim that a valid escrow relationship was formed and that Emerald Title breached its fiduciary duty to Plaintiff.  Plaintiff specifically alleges that Emerald Title entered into an agreement with the parties to act as an escrow agent and receive Defendant EVMC's earnest money deposit.  Plaintiff further alleges that "Emerald Title acknowledged its receipt of the $500,000.00 escrow deposit."  Finally, Plaintiff alleges that Emerald Title "breached its fiduciary duty to Plaintiff."  These allegations are sufficient to survive a motion to dismiss.  Whether Plaintiff can ultimately prove that an escrow relationship was created or that Emerald Title breached its fiduciary duty are issues for the trier of fact or that can be raised in a motion for summary judgment.  Accordingly, the Court denies Emerald Title's Motion to Dismiss Count II.

**B.    Count III: Fraudulent Misrepresentation**

Emerald Title also argues that Plaintiff's claim for fraudulent misrepresentation should be dismissed because Plaintiff cannot show that it entered into the sales contract in reliance on Emerald Title's representation that it received the escrow deposit from Defendant EVMC.  According to Emerald Title, Plaintiff's claim is chronologically unsound because Plaintiff entered into the contract on August 11, *before* Emerald Title acknowledged receipt of the escrow deposit on August 26.  In response, Plaintiff asserts that, if Emerald Title had not represented that it received the escrow deposit, Plaintiff would have treated the contract as a nullity, would have immediately put the property back on the market, and would not have incurred expenses in proceeding to the closing on November 14.

5

To prove fraudulent misrepresentation, the plaintiff must prove: "(1) the defendant made a false statement of material fact; (2) the defendant knew at the time it was made that such statement was false; (3) the defendant intended the false statement to induce the claimant to act upon it; and (4) the claimant justifiably relied on the false statement resulting in injury to him." *Iden v. Kasden*, 609 So.2d 54, 55 (Fla. 3d DCA 1992).

Here, Plaintiff alleges sufficient facts to support each element of fraudulent misrepresentation.  Plaintiff alleges:  that Emerald Title "falsely represented to Plaintiff's agent that the $500,000.00 deposit had been received;" that "[t]he receipt of the $500,000.00 was material to the transaction;" that Emerald Title "knew or should have known that the statement by its agent was false;" that Emerald Title "intended for these representations to induce Plaintiff to proceed as if the contract was effective;" and that "Plaintiff has suffered damages in justifiable reliance."  Emerald Title's argument that Plaintiff's claim is chronologically unsound is misplaced: Plaintiff argues that it acted in detrimental reliance, not when it entered into the sales contract, but when it proceeded to closing under the assumption that the deposit had been made.  Viewing the Amended Complaint in the light most favorable to Plaintiff, these allegations are sufficient to allow Plaintiff to proceed.  Whether Plaintiff can ultimately prove that Emerald Title made false representations regarding the escrow deposit is an issue for the trier of fact or that can be raised in a motion for summary judgment.  Accordingly, the Court denies Emerald Title's Motion to Dismiss Count III.

**IV.      Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss

Counts II and III of Plaintiff's Amended Complaint (Doc. No. 27, 31) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of October, 2006.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge