UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USA FLEA MARKET, LLC,

      Plaintiff,

v.                          Case No. 8:06-cv-431-T-24 TBM

EVMC REAL ESTATE CONSULTANTS,
INC., ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant EVMC Real Estate Consultants, Inc.'s ("EVMC") Motion to Set Aside Default. (Doc. No. 35). Plaintiff opposes this motion. (Doc. No. 37).

Federal Rule of Civil Procedure 55(c) provides the standard for setting aside entries of default. Rule 55(c) states that "[f]or good cause shown[,] the court may set aside an entry of default." In determining whether good cause is shown, courts consider four factors: "(1) whether the defaulting party has acted promptly to vacate the default; (2) whether the defaulting party has presented a plausible excuse . . . for the default; (3) whether the defaulting party asserts a meritorious defense; and (4) whether the non-defaulting party will be prejudiced by setting aside the default." Matter of Rogers, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993)(citations omitted). A court has discretion in determining whether to set aside an entry of default in light of the surrounding circumstances. See id. (citations omitted).

Upon consideration, the Court finds that Defendant EVMC has shown good cause for setting aside the default. Specifically, EVMC's failure to respond to the complaint was not

willful; it acted promptly to vacate the default once it obtained counsel admitted to the Bar of the Middle District of Florida; EVMC has asserted a meritorious defense; and Plaintiff will not be prejudiced by the setting aside of the default, as this case is still in the early stages. Furthermore, the Court notes that it prefers to reach the merits of a case rather than entering a judgment based on a default.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant EVMC Real Estate Consultants, Inc.'s Motion to Set Aside Default (Doc. No. 35) is **GRANTED**;

(2) The Clerk is directed to **VACATE** the entry of default (Doc. No. 25) that was entered against Defendant EVMC; and

(3) Defendant EVMC is directed to file a response to the complaint by November 15, 2006.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

2