**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

USA FLEA MARKET, LLC,

                Plaintiff,

-vs-                                          Case No. 8:06-cv-431-T-24TBM

EVMC REAL ESTATE CONSULTANTS,
INC., et al,

                Defendants.
_____/

## O R D E R

This cause comes before the Court for consideration of Plaintiff's Motion to Strike Demand for Jury Trial (Doc. No. 38). Defendant Emerald Title Insurance Agency, Inc. filed a Memorandum of Law in Opposition thereto (Doc. No. 40).

Plaintiff moves this Court to strike Defendant Emerald Title Insurance Agency, Inc.'s demand for jury trial contained in its answer and affirmative defenses to Plaintiff's amended complaint on the grounds that paragraph 13 of the real estate contract attached to the amended complaint contains a waiver of jury trial provision. This Court, however, finds Plaintiff's motion to be without merit because Defendant Emerald Title Insurance Agency, Inc. was neither the "buyer" nor "seller" under the real estate contract attached to the amended complaint and, therefore, is not a party to the contract or the jury waiver provision contained therein. See Sanchez v. Braun & May Realty, Inc., 795 So. 2d 1006, 1008 (Fla. 4th DCA 2001)(holding that a real estate broker named in the real estate contract as the broker for the transaction was not a "party" to the contract); Baldoria v. Security Realty Investment, Inc., 581 So. 2d 189, 191 (Fla. 3d DCA 1991)(ruling that

the escrow agent was neither a "buyer" or "seller" under the real estate contract and was therefore not a "party" to the prevailing party attorneys' fees clause in the contract).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Demand for Jury Trial (Doc. No. 38) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of November, 2006.

SUSAN C. BUCKLEW
United States District Judge