UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USA FLEA MARKET, LLC,
a Florida limited liability company

    Plaintiff,

v.                                          Case No.  8:06-cv-0431-T-24-TBM

EVMC REAL ESTATE
CONSULTANTS, INC., *a California
corporation*, and EMERALD TITLE
INSURANCE AGENCY, INC., *a
Michigan corporation*,

    Defendants,

_____/

**ORDER**

This cause comes before the Court on Defendant EVMC Real Estate Consultants, Inc.'s ("EVMC") Motion to Dismiss Amended Complaint, or Alternatively, for Summary Judgment. (Doc. No. 42.)  Plaintiff USA Flea Market, LLC ("Flea Market") opposes this motion.  (Doc. No. 43.)  The Court construes EVMC's motion as a motion for summary judgment.

**I.**    **Background**

This case arises from a real estate transaction for the sale and purchase of real property located in Pasco County, Florida.  (Pl.'s Am. Compl. ¶ 7).  Flea Market, the seller, alleges the following in its Amended Complaint: Flea Market and EVMC entered into a real estate contract on August 11, 2005.  (*Id.*)  The contract required EVMC, the buyer, to tender a sum of $500,000 as an earnest money deposit to an escrow agent, Defendant Emerald Title Insurance Agency, Inc. (Emerald Title).  (*Id.* at ¶ 8; Ex. A.)  Emerald Title informed Flea Market that it had received the

$500,000 escrow deposit from EVMC, as reflected by the "Receipt by Escrow Agent" signed on August 26, 2005. (*Id.* at ¶ 9, Ex. A.)

On November 14, 2005, EVMC failed to appear at the scheduled closing. (*Id.* at ¶¶ 11-12; Ex. C.) On that date, Flea Market sent a notice of default to EVMC and a copy of the notice to Emerald Title. (*Id.*) When EVMC did not cure the default within the time period set by the contract, Flea Market served both Emerald Title and EVMC with a demand for payment of the earnest money deposit. (*Id.* at ¶ 13; Ex. D.) EVMC did not tender the deposit to Plaintiff or notify Emerald Title to release the deposit to Plaintiff. (*Id.* at ¶ 18.)

Flea Market filed a three-count complaint. In Count I of the Amended Complaint, Flea Market alleges that EVMC breached the terms of the sales contract by failing to tender the escrow deposit or to notify Emerald Title to release the deposit. (*Id.* at ¶¶ 17-19.) In Counts II and III, Flea Market alleges that Emerald Title breached its fiduciary duty to Flea Market as its escrow agent and falsely represented to Flea Market's agent that it had received escrow deposit. (*Id.* at ¶¶ 23-30.)

**II.    Standard of Review**

EVMC now moves the Court to dismiss Flea Market's breach of contract claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively to grant summary judgment in its favor pursuant to Rule 56, on the ground that Flea Market failed to comply with the pre-suit mediation requirement contained in the sales contract at issue. When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). Here, Flea Market specifically alleges in

its Amended Complaint that "[a]ll conditions precedent to maintenance of this action have occurred, been performed or waived." (Pl.'s Am. Compl. ¶ 16.) The Court concludes that this allegation is sufficient to survive a Rule 12(b)(6) motion to dismiss and to allow Flea Market to conduct discovery in order to prove how it satisfied all pre-suit requirements contained in the sales contract.

However, EVMC alternatively requests that the Court construe its motion as a motion for summary judgment pursuant to Rule 56. Flea Market had notice that EVMC was requesting the Court to construe its motion as a motion for summary judgment, and Flea Market does not oppose the Court doing so. Therefore, the Court construes the motion under the Rule 56 summary judgment standard of review. *See generally, Assoc. Mech. Contractors, Inc. v. Martin K. Eby Constr. Co., Inc.*, 271 F.3d 1309, 1317 (11th Cir. 2001) (ruling that "[t]he specific denial of performance of conditions precedent [in a contract] may be raised by [a] motion [for summary judgment] . . .").

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and citations omitted). "All reasonable doubts about the facts should be resolved in favor of the non-movant." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).

**III.    Discussion**

EVMC argues that it is entitled to summary judgment as a matter of law on Flea Market's breach of contract claim because Flea Market filed this lawsuit without first submitting this dispute to mediation, as is required by the sales contract at issue. EVMC specifically refers the Court to paragraph 13 of the contract, which states the following:

> 13.    RESOLUTION OF DISPUTES.  All claims, disputes or controversies arising out of, or in connection with, or in relation to this Contract, shall initially be submitted to mediation in Pinellas County, Florida. . . . If a dispute has not been resolved within forty five (45) days . . . , the mediation shall terminate and the parties shall have the right to pursue resolution of the claim, dispute or controversy by any available legal proceedings in the County of Pinellas, State of Florida.

(Pl.'s Am. Compl., Ex. A, p. 7-8.)  As evidence of Flea Market's failure to mediate, EVMC filed an affidavit by its President, Anthony B. Chopra, who states that Flea Market "never submitted its dispute with EVMC to mediation, or even contacted EVMC regarding mediation" before filing suit.  (Doc. 42, Ex. B.)  EVMC argues that, when parties contractually agree to alternative dispute resolution, the Court must enforce that agreement and all questions regarding the scope of that agreement should be construed in favor of alternative dispute resolution.

In response, Flea Market does not dispute that it failed to mediate the parties' dispute before initiating litigation.  Instead, Flea Market contends that section 27.1 of the contract controls the parties' dispute.  That section states that if the buyer does not cure the default within ten days of receiving the seller's notice of default, the earnest money deposit shall be paid to the seller.  (*Id.* at 13.)  Furthermore, Flea Market contends that dismissing this suit in order to permit the parties to mediate would be futile because the Court requires the parties to participate in court-annexed mediation.

Upon viewing the entirety of the record in the light most favorable to Flea Market, the Court concludes that EVMC is entitled to summary judgment on the breach of contract claim. Although Flea Market alleges in its Amended Complaint that it fulfilled all conditions precedent to the filing of this lawsuit, Flea Market has failed to put forth any evidence to dispute EVMC's evidence that Flea Market did not engage in pre-suit mediation, and it therefore has failed to raise a genuine issue of material fact regarding the issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (ruling that the non-moving party must "go beyond the pleadings" and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file" designate specific facts showing there is a genuine issue for trial). In fact, Flea Market does not dispute that it failed to mediate before filing suit. When parties to a contract have agreed to submit any disputes to pre-suit alternative dispute resolution, "it is simply against general contract principles to permit [one party] to avoid this aspect of their contractual bargain." *N. Amer. Van Lines v. Collyer*, 616 So. 2d 177, 178-79 (Fla. 5th DCA 1993). Indeed, to "permit[] the parties to litigate the dispute in the courts instead of proceeding [to mediation] as agreed would constitute a departure from the essential requirements of law." *Id.* Furthermore, "under Florida law, a clause in a contract that requires the parties to submit their claims to [alternative dispute resolution] is enforceable, and [those] clauses are generally favored by the courts." *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1325 (S.D. Fla. 2004).

Flea Market has not put forth any evidence to show that section 27.1 is in any way relevant to the issue of pre-suit mediation or that it eliminates the pre-suit mediation requirement contained in paragraph 13. "A court is not empowered to rewrite a clear and unambiguous

provision [of a contract]" in order to favor one party over the other. *See N. Amer. Van Lines*, 616 So. 2d at 179. Finally, the fact that the Court requires the parties to participate in court-sanctioned mediation before trial does not obviate Flea Market's contractual obligation to mediate before filing suit.

**IV.   Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that EVMC's Motion for Summary Judgment as to Flea Market's breach of contract claim (Doc. 42) is **GRANTED**. Plaintiff's claims against Emerald Title are still pending.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of February, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copes to:
Counsel of Record