**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

USA FLEA MARKET, LLC, a Florida
limited liability company,

        Plaintiff,

v.

EVMC REAL ESTATE CONSULTANTS,
INC., a California corporation,

        Defendant.
_____/   Case No. 8:06-cv-431-T-24-TBM

EVMC REAL ESTATE CONSULTANTS,
INC., a California corporation,

        Third-Party Plaintiff,

v.

EMERALD TITLE INSURANCE
AGENCY, INC., a Michigan corporation, and
PATRICK ROWLEY, an individual,

        Third-Party Defendants.
_____/

**ORDER**

This cause comes before the Court on the following motions:

(1)    Plaintiff USA Flea Market, LLC's ("USA Flea Market") Motion to Dismiss

Counterclaim and Strike Third-Party Complaint (Doc. No. 99);

(2)    Third-party Defendant Emerald Title Insurance Agency, Inc.'s ("Emerald Title")

Motion to Dismiss Third-Party Claim (Doc. No. 102); and

(3)    Third-party Defendant Rodger Rowley's ("Rowley") Motion to Dismiss Third-

Party Complaint (Doc. No. 106).

Defendant/Third-Party Plaintiff EVMC Real Estate Consultants, Inc. ("EVMC") opposes each of these motions (Doc. No. 101, 103, 107).

**I.    Background**

This case arises from a real estate transaction for the sale and purchase of real property located in Pasco County, Florida. In the Amended Complaint (Doc. No. 19), USA Flea Market, the seller, alleges that the real estate contract required EVMC, the buyer, to tender a $500,000 earnest money deposit to an escrow agent, Emerald Title, prior to closing. When EVMC failed to appear at closing, USA Flea Market sent a notice of default to EVMC and a copy of the notice to Emerald Title. When EVMC did not cure the default within the time period set by the contract, USA Flea Market served both EVMC and Emerald Title with a demand for payment of the earnest money deposit. EVMC did not tender the deposit and did not notify Emerald Title to release the deposit to USA Flea Market.

USA Flea Market filed a three-count complaint. Count I of the Amended Complaint, asserted against EVMC, alleges that EVMC breached the terms of the sale contract by failing to tender the escrow deposit or, alternatively, failing to notify Emerald Title to release the deposit. Counts II and III, asserted against Emerald Title, allege that Emerald Title breached its fiduciary duty to USA Flea Market as an escrow agent and that Emerald Title falsely represented to USA Flea Market's agent that it had received the earnest money deposit.

EVMC moved to dismiss or, in the alternative, for summary judgment as to Count I of the Amended Complaint (Doc. No. 42). This Court, construing EVMC's motion as a motion for summary judgment, granted the motion on the grounds that USA Flea Market's failure to comply

with the pre-suit mediation requirement contained in the contract at issue barred its breach of contract claim (Doc. No. 49). On appeal, the Eleventh Circuit reversed, finding that genuine issues of material fact existed with regard to whether EVMC was in default, whether the contract was terminated, and the resulting nature of the parties' mediation obligations under the contract (Doc. No. 88).

While the appeal was pending, USA Flea Market reached a settlement with Emerald Title, resulting in Emerald Title's voluntary dismissal from the action (Doc. No. 78, 86). On January 17, 2008, EVMC, the only remaining defendant, filed its Answer to the Amended Complaint (Doc. No. 98). In addition, EVMC asserted a counterclaim against USA Flea Market for rescission and fraudulent inducement, as well as third-party actions against Emerald Title for breach of fiduciary duty and breach of contract and against Rowley, an Emerald principal and funds manager, for negligent misrepresentation. USA Flea Market now moves to dismiss the counterclaim and strike the third-party claim and both Emerald Title and Rowley move to dismiss the third-party claims.

## II.     USA Flea Market's Motion to Dismiss Counterclaim

USA Flea Market has moved to dismiss EVMC's counterclaim, claiming that the counterclaim improperly pleads inconsistent causes of action, that the claims therein are barred by the doctrines of law of the case and estoppel, that express terms of the contract between the parties refute EVMC's claims, and that the counterclaim was not timely filed.

### A.     Motion to Dismiss Standard

In deciding a motion to dismiss, the district court is required to view the claim in the light most favorable to the plaintiff. *See Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th

Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  *Id.* (citation omitted).  The standard on a 12(b)(6) motion is not whether the claimant will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the claimant to conduct discovery in an attempt to prove the allegations.  *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

### B. Pleading Inconsistent Claims

USA Flea Market first contends that EVMC's counterclaim should be dismissed because EVMC has improperly pled contradictory and inconsistent causes of action within a single pleading, thus rendering it a nullity.  However, as noted by EVMC in its response, the Federal Rules of Civil Procedure expressly authorize the pleading of inconsistent claims.  Rule 8(d)(3) provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency."  In this case, EVMC seeks either the Court's ruling that no contract was ever formed or, in the alternative, that the contract should be rescinded based on USA Flea Market's alleged fraud in the formation of the contract.  While EVMC will not be able to recover under

both of these clearly inconsistent theories, at this stage of the litigation it is acceptable to plead such alternative remedies. *See Shibata v. Lim*, 133 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) (allowing plaintiff to plead the inconsistent theories of breach of contract and unjust enrichment even though the plaintiff could not ultimately recover on both theories). Therefore, the mere fact that EVMC's counterclaim purports to assert inconsistent claims is not a valid basis for dismissal.

### C.    Law of the Case Doctrine

USA Flea Market also argues that the counterclaim should be dismissed because the law of the case doctrine prohibits EVMC from asserting causes of action which deny the existence of a valid contract. USA Flea Market contends that by reversing this court's grant of summary judgment in favor of EVMC, the Eleventh Circuit implicitly ruled that an enforceable contract existed between the parties and, according to the law of the case doctrine, that decision must govern all subsequent proceedings in this case. EVMC asserts that the issue of whether a valid contract existed was not actually decided by the Eleventh Circuit; rather, the Eleventh Circuit simply held that genuine issues of material fact existed which precluded summary judgment.

The law of the case doctrine generally requires that "questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001). In addition, the law of the case doctrine "may foreclose subsequent consideration of issues implicitly addressed or necessarily considered" by the appellate court. *Id.* at 106; *City of Hollywood v. Witt*, 939 So. 2d 315, 318 (Fla. 4th DCA 2006)(noting that the law of the case doctrine does not prohibit consideration of issues that were not raised by the parties or implicitly

5

considered in the prior appeal).

In the instant case, the Eleventh Circuit was confronted with the narrow appellate issue of whether this court erred in granting summary judgment in favor of EVMC, a decision which was based solely on the interpretation of the pre-suit mediation provision in the contract. The question of whether a valid and enforceable contract existed between the parties was not raised at the trial or appellate level. The Eleventh Circuit ultimately reversed, noting that "[a]n issue of fact remains" that would preclude summary judgment. Contrary to USA Flea Market's analysis, this finding did not necessarily involve the evaluation and determination of the unraised legal issue of the validity of the underlying contract. *See H.P.B.C., Inc. v. Nor-Tech Powerboats, Inc.*, 946 So. 2d 1108, 1110 n. 3 (Fla. 2d DCA 2006)(finding that a prior appeal which addressed the narrow issue of whether the plaintiff sought to enforce an oral or written contract did not preclude the court's later consideration of the validity of the underlying contract). Therefore, the law of the case doctrine does not mandate dismissal of EVMC's counterclaim in this case.

### D. Estoppel and Election of Remedies

USA Flea Market further argues that EVMC is estopped from seeking to rescind its contract with USA Flea Market, or asserting any cause of action which denies the existence of a contract, because EVMC previously elected to obtain the benefits of the contract by moving for attorneys' fees under the contract. In response, EVMC argues that its motion for fees should not bar it from asserting its counterclaim for rescission and fraudulent inducement because, in light of the Eleventh Circuit opinion in this case, it has not actually received any benefit from any previous argument that a contract existed.

The principles of estoppel and election of remedies dictate that a party electing one

6

course of action or remedy cannot later avail itself of an inconsistent remedy. *Barbe v. Villenueve*, 505 So. 2d 1331, 1332 (Fla. 1987). However, if a party initially pursues a remedy that ultimately is not available because it is not supported by the facts or the law, that party is not barred from resorting to another remedy. *United Companies Financial Corp. v. Bergelson*, 573 So. 2d 887, 889 (Fla. 4th DCA 1990); *In re Leonardi's Int'l, Inc.*, 123 B.R. 668, 669 (Bankr. S.D. Fla. 1991). Ultimately, the doctrine of election of remedies exists to "prevent a double recovery for the same wrong." *Id.*; *MCA Television Ltd. v. Public Interest Corp.*, 171 F.3d 1265, 1274 (11th Cir. 1999).

In this case, EVMC initially moved to dismiss or, in the alternative, for summary judgment on the basis that USA Flea Market failed to comply with a condition precedent to bringing suit upon the contract at issue by failing to submit to pre-suit mediation. When USA Flea Market failed to put forth any argument or evidence regarding its failure to mediate, thereby failing to raise a genuine issue of material fact, this Court granted summary judgment in favor of EVMC. EVMC then moved for attorneys' fees as a prevailing party pursuant to Section 13 of the contract (Doc. No. 55). This Court granted the motion (Doc. No. 61), but that order was subsequently vacated in light of the Eleventh Circuit's mandate reversing the grant of summary judgment (Doc. No. 91).

While the record indeed reflects that EVMC initially pursued the remedy of attorneys' fees under the contract, this remedy was later determined to be unavailable based on the Eleventh Circuit's reversal of the summary judgment formerly entered in EVMC's favor. In addition, because EVMC has not actually recovered any attorneys' fees in this case, it has not obtained the benefits of the purported contract and there is no risk of duplicative recovery.

Therefore, EVMC is not estopped from asserting the legal theories which provide the basis for its counterclaim against USA Flea Market.

   E.   **Merger Clause**

USA Flea Market also claims that EVMC's counterclaim for fraudulent inducement must be dismissed because the contract itself negates the cause of action asserted. USA Flea Market contends that Paragraph 31 of the agreement, which contains a merger and integration clause, "renders any claimed reliance by EVMC on any previous oral promises unjustifiable," thereby necessitating dismissal. In addition, USA Flea Market claims that express contractual provisions regarding what documentation would be provided to EVMC directly contradict EVMC's assertion that it reasonably relied on USA Flea Market's oral promises to provide additional documentation. EVMC maintains that the counterclaim is not subject to dismissal on these grounds because the merger and integration clause does not automatically bar an action for fraudulent inducement and the misrepresentations at issue in its counterclaim are not squarely and clearly addressed in the contract.

A merger and integration clause does not necessarily bar the cause of action at issue because such a provision "does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement." *Mejia v. Jurich*, 781 So. 2d 1175, 1178 (Fla. 3d DCA 2001). However, this rule is limited to circumstances in which the subject of the alleged oral representation is not covered by the contract itself. *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th DCA 2002).

In its counterclaim, EVMC alleges that it was fraudulently induced to enter into the contract by USA Flea Market's false promise to provide seven specific items of "essential,

8

common and ordinarily required documentation" regarding the property. The contract provisions cited by USA Flea Market in its motion do not directly address EVMC's entitlement to those items of documentation, nor are they explicitly contradictory to the alleged misrepresentations. Therefore, USA Flea Market has failed to demonstrate a sufficient basis for dismissal of the fraudulent inducement claim.

### F. Timeliness

Finally, USA Flea Market seeks to dismiss the counterclaim on the grounds that it was not timely filed and that it was filed without leave of court. This argument is without merit. The counterclaim was filed in conjunction with EVMC's Answer, which was timely filed in accordance with the Court's order (Doc. No. 95, 96). The fact that both the Answer and Counterclaim were filed long after this litigation was originated is a product of the unique procedural history of this case and is not grounds for dismissal of the counterclaim.

### III. USA Flea Market's Motion to Strike Third-Party Complaint

USA Flea Market has moved to strike EVMC's third-party complaint on the grounds that it was not timely filed and that it does not in any way allege that the third-party defendants' liability to EVMC is dependent on the liability of EVMC to USA Flea Market, as required by Federal Rule of Civil Procedure 14(a)(1). EVMC asserts that its third-party complaint was filed at the first available opportunity and that its claims are proper because they arise out of the same operative facts and because its liability to USA Flea Market arises only by virtue of the third-party defendants' conduct.

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.

However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997)). When deciding a motion to strike, the court "must accept the truthfulness of well-pleaded facts and 'cannot consider matters beyond the pleadings.'" *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

In this case, the allegations of the third-party claim do not meet the standard necessary to be stricken under Rule 12(f). The causes of action stated therein are clearly related to the controversy. There are no specific allegations which could be construed as impertinent or scandalous. Further, on the face of the pleading, there is nothing to indicate that any party will be unduly prejudiced by the assertion of the third-party complaint.

In addition, the third-party complaint is not subject to being stricken as untimely. Though it was indeed filed after the deadline for filing third-party actions as set forth in this Court's Amended Case Management and Scheduling Order (Doc. No. 47), EVMC was not a party to the case when that deadline expired. Therefore, EVMC cannot logically be penalized for non-compliance with the Order. EVMC filed its third-party complaint at the first available opportunity and it is therefore deemed timely filed.

**IV.    Emerald Title and Rowley's Motions to Dismiss Third-Party Complaint**

Third-party Defendants Emerald Title and Rodger Rowley have filed nearly identical motions to dismiss EVMC's third-party complaint. They contend that the third-party claims against them should be dismissed because this Court lacks personal jurisdiction over the third-

party defendants, the claims raised by EVMC are not properly brought via a third-party action, the third-party claim was not timely filed, and the Middle District of Florida is not a proper venue for the instant action. In addition, Emerald Title moves to dismiss Count II of the third-party complaint on the basis that EVMC has failed to state a cause of action for breach of an oral contract.

In deciding a motion to dismiss, a court must address challenges to personal jurisdiction before determining other issues raised by the motion. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)  Determining whether the court can exercise personal jurisdiction over a nonresident defendant involves a two-part analysis. *Id.*; *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989)(stating the proper test for personal jurisdiction under Florida law). First, the court must determine "whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 385 F.3d 1312, 1319 (11th Cir. 2004). Second, the court must examine " whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.*  In order to satisfy the due process analysis, the defendant must have "minimum contacts with the forum state" such that "the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The plaintiff has the initial burden to plead "sufficient material facts to form a basis" for the exercise of personal jurisdiction. *Walack v. Worldwide Machinery Sales, Inc.*, 278 F. Supp. 2d 1358, 1365 (M.D. Fla. 2003); *see also Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)(describing the plaintiff's burden as the requirement to

11

state a "prima facie case of personal jurisdiction over the nonresident defendant"). Once the plaintiff pleads facts sufficient to establish both long-arm and constitutional jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other evidence. *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 586 (M.D. Fla. 1991). If the defendant sustains this burden, the plaintiff must then substantiate its jurisdictional allegations by affidavits or other competent proof. *Id.*; *Polski Linie Osceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).

Third-party defendant Emerald Title argues that EVMC has failed to allege any facts which would support the existence of personal jurisdiction over Emerald Title. A review of the third-party complaint reveals that while it contains a specific statement regarding subject matter jurisdiction, there is no such statement regarding personal jurisdiction. To the contrary, EVMC asserts that Emerald Title is a Michigan corporation with its principal place of business in Michigan, both facts which would weigh against the exercise of personal jurisdiction.

In addition, the substantive allegations of the third-party complaint do not allege sufficient facts to bring Emerald Title within the reach of Florida's long-arm statute or to satisfy the Constitutional due process analysis. For example, in Count I, EVMC asserts that Emerald Title breached its fiduciary duty to EVMC, yet fails to allege that this breach occurred in the state of Florida, as would be necessary to find long arm jurisdiction under Florida Statute § 48.193(1)(b). Count II purports to state a cause of action for breach of contract, but there is no allegation that the breach involved Emerald Title's failure to perform an act required by the contract to be performed in Florida, as required for long arm jurisdiction to exist under Florida Statute § 48.193(1)(g). The third-party complaint also contains no discussion of Emerald Title's

contacts, if any, with the state of Florida and therefore can not be deemed to satisfy the constitutional due process prong of the Court's personal jurisdiction analysis.

Third-party defendant Rowley also argues that the third-party complaint should be dismissed because EVMC has failed to plead sufficient facts to establish that he is subject to personal jurisdiction in Florida. Again, the third-party complaint contains no specific statement of any basis for exercising personal jurisdiction over Rowley and the substantive allegations of the third-party complaint are insufficient to establish personal jurisdiction.

While EVMC attempts to remedy these deficiencies by including more detailed jurisdictional analysis in its responses to the motions to dismiss, the fact remains that, on the face of the pleadings, EVMC has alleged no basis for the exercise of personal jurisdiction over either Emerald Title or Rowley. EVMC has not met its initial burden to plead sufficient facts to state a prima facie case for personal jurisdiction. Therefore, both Emerald Title and Rowley's motions to dismiss the third-party complaint for lack of personal jurisdiction must be granted. However, because it appears that EVMC may ultimately be able to plead sufficient facts to establish personal jurisdiction, the dismissal is without prejudice. EVMC may file an amended third-party complaint to address these deficiences.

In addition, the Court has reviewed the third-party defendants' arguments with regard to the nature and timeliness of the third-party claims, as well as their concerns regarding the alleged inconvenience of litigating EVMC's claims in the Middle District of Florida. The Court finds these arguments to be without merit. However, the Court finds Emerald Title's argument that Count II of the third-party complaint fails to state a cause of action for breach of an oral contract to be well-taken. To the extent that EVMC contends that the contract allegedly breached by

Emerald Title was oral, EVMC must specify the terms of that contract and how Emerald Title's alleged conduct constitutes a breach of that contract.

**V.     Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) USA Flea Market's Motion to Dismiss Counterclaim (Doc. No. 99) is DENIED. USA Flea Market is directed to file its answer to the counterclaim by August 22, 2008.

(2) USA Flea Market's Motion to Strike Third-Party Complaint (Doc. No. 99) is DENIED.

(3) Emerald Title and Rodger Rowley's Motions to Dismiss Third-Party Complaint (Doc. No. 102, 106) are GRANTED to the extent that third-party claim is dismissed without prejudice.  EVMC is directed to file an amended third-party complaint by August 22, 2008.

**DONE AND ORDERED** at Tampa, Florida this 12th day of August, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

14